UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT ENGLISH,
    PLAINTIFF

VS.

MICHAEL L. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,
    DEFENDANT

CASE NO. 1:07CV565
(DLOTT, J.)
(HOGAN, M.J.)

### REPORT AND RECOMMENDATION

This is a Motion to Remand filed by Defendant, who concedes that the ALJ's evaluation of Dr. Simons' opinions was "deficient." Dr. Simons was Plaintiff's treating physician. Plaintiff doesn't oppose Defendant's Motion to Remand, but does oppose the scope of remand suggested by Defendant. Simply put, Defendant wants to scope of remand to be limited to Plaintiff's back injury, but Plaintiff wants the scope of remand to include Listing 12.05(C).

Plaintiff worked as a semi-skilled construction worker for approximately 21 years, a fact which suggests that he had minimal deficits in adaptive functioning if he was able to perform the job of Construction Worker 1 as described in the Dictionary of Occupational Titles. However, if the job Plaintiff performed was as described in the Dictionary of Occupational Titles as Construction Worker II, the inferrence is far less convincing. The record does not clarify this point so as to make one comfortable with the proposition that Plaintiff had no deficits in adaptive functioning in addition to his IQ scores in the 66-70 range plus his back problem. Plaintiff works with a partner and in this type of on-the-job relationship, it is not necessary that both have equal mental skills, although both must have the physical ability to lift, carry and reach.

In addition, there is a dispute over the extent to which Dr. Jones, Plaintiff's psychologist, relied on information supplied by Plaintiff's wife and the Vineland Adaptive Behavior Scale (VABS) exclusively or to supplement a records review and clinical observations. It would

appear that Dr. Jones considered all four sources and not just the VABS, as concluded by the ALJ. Therefore, remand should include the evaluation of the evidence in connection with Listing 12.05(C) in addition to Listing 1.04.

**IT IS THEREFORE RECOMMENDED THAT**: Defendant's Motion to Reverse and Remand to the Defendant Commissioner under sentence four of U.S.C. Section 405(g) be granted, but that the scope of remand include a consideration of Listing 12.05(C) as well as Listing 1.04 as previously considered by the ALJ.

September 10, 2008

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert English,
    Plaintiff

Case No. 1:07cv0565

vs.

Commissioner of Social Security,
    Defendant

(Dlott, J.; Hogan, M.J.)

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).