UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT ENGLISH,
    Plaintiff

vs

MICHAEL J. ASTRUE,
Commissioner of Social
Security,
    Defendant

Case No. C-1-07-565
(Dlott, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Fees under Equal Access to Justice Act, 28 U.S.C. §2412(d). (Doc. 17), and Defendant's Response to Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act (Doc. 18). Plaintiff seeks an award of $3029.04 in fees under the EAJA for 18 hours expended on Plaintiff's case. The Commissioner does not oppose Plaintiff's request.

On September 10, 2008, this Court issued a report and recommendation that the decision of the Commissioner of Social Security be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded for an award of benefits. (Doc. 8). On September 22, 2006, the District Court adopted the undersigned's recommendation and issued a final appealable order remanding the case to the Commissioner for an evaluation of the evidence with respect to Listing 12.05(C) as well as Listing 1.04. (Doc. 14). Thereafter, on November 17, 2008, the district court adopted the report and recommendation and Judgement was entered on the same date. (Docs. 15, 16). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. Plaintiff's application for attorney fees was filed on December 12, 2008 (Doc. 17). Thus, Plaintiff's motion is properly before the Court.

The EAJA provides:

A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including

proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

### Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, Plaintiff's net worth was less than $2,000,000. Moreover, Plaintiff became the "prevailing party" when he obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993)(social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

### Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989)(per curiam). It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v. Heckler,* 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."
28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court finds the Commissioner's position was not substantially justified. The Commissioner has not met his burden of proof showing his position was substantially justified. In filing his Response to Plaintiff's motion, the Commissioner does not argue that the government's position was substantially justified. As the substantial justification of the Commissioner's position is not in dispute, the Court therefore finds that the Commissioner's position in this matter was not substantially justified.

2

## Special Circumstances

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which Plaintiff's counsel is entitled.

## Calculation of Fee Award

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

With respect to the first of these factors, *i.e.*, the prevailing market rate charged by Social Security practitioners in southwestern Ohio, the Court held as long ago as 1992 that the applicable rate is at least $100.00 per hour. *See, e.g., Hayes v. Sullivan*, Case No. C-1-89-681 (S.D. Ohio Aug. 31, 1992)(Doc. 18); *Hines v. Sullivan*, Case No. C-1-89-364 (S.D. Ohio Sept. 16, 1992)(Doc. 26). Accordingly, the Court so finds here as well. More recently, the Court has awarded EAJA fees of $168.28 per hour. *See Meadows v. Commissioner*, Case No. C-1-07-1010, (S.D. Ohio Jan. 22, 2009).

The Court next examines the second and third statutory criteria, namely the cost of living and other "special factors." Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992), the decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left within the district court's discretion. *See id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.* In this case, we find a change in the cost-of-living after March 29, 1996, the date the statutory rate increased from $75.00 to $125.00. *See London v. Halter*, 203 F. Supp. 367, 373 (E.D. Tenn. 2001). The Court concludes that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA.

This Court has recently determined that the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which plaintiff filed his EAJA petition (current rates). *See Blackburn v. Barnhart*, Case No. 2:02-cv-1099 (S.D. Ohio April 13, 2005)(Report and Recommendation) (Doc. 30).[1] The Court recognizes that this approach is a departure from the way this Court had in the past calculated EAJA cost of living adjustments. This Court had routinely calculated the cost of living adjustment by first taking the ratio of price increase for the pertinent geographic area, determined by the increase in the Consumer Price Index (CPI) from the date the $125.00 per hour statutory fee

---

[1] Utilizing cost of living adjustment rates based on the date plaintiff became a prevailing party or when the court awards fees (current rates) would be tantamount to an award of prejudgment interest against the government contrary to the rule set out in *Library of Congress v. Shaw*, 478 U.S. 310, 320-21 (1986). In *Shaw*, the Supreme Court held that interest cannot be recovered in a suit against the United States absent an express waiver of sovereign immunity from the award of interest separate from a general waiver of immunity to suit. 478 U.S. at 311. This so-called no-interest rule has been applied to EAJA fee cases in determining the appropriate cost of living adjustment rate to employ. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Kerin v. United States Postal Service*, 218 F.3d 185, 194 (2d Cir. 2000); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 712 (D.C. Cir. 1997); *Marcus v. Shalala*, 17 F.3d 1033, 1039-40 (7th Cir. 1994); *Perales v. Casillas*, 950 F.2d 1066, 1074-77 (5th Cir. 1992). The Circuit Courts in these cases have held that adjusting EAJA fees for inflation for a period of time that occurred after legal services were rendered constitutes an award of interest from which the United States is immune absent Congressional authorization. Id. The rationale for calculating the cost of living increase based on the period when the services were actually performed was explained by the Eleventh Circuit in Sorenson:

> Enhancing the EAJA's base rate by the CPI-U that is current in the year when the fee is earned compensates for increases in the cost of living between the time that the EAJA was enacted and the time that the fee was earned. But using the CPI-U that is current when the judgment is entered does more; it adjusts the fee to account for increases in the cost of living between the time that the fee was earned and the time that the government pays the fee. Such an adjustment compensates a lawyer for a delay in payment and is the functional equivalent of prejudgment interest. *See, e.g., Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711 (D.C. Cir. 1997) (so stating); *Shaw*, 478 U.S. at 322, 106 S.Ct. 2957 ("Interest and a delay factor share an identical function. They are designed to compensate for the belated receipt of money.").

> Under Shaw, an award of prejudgment interest against the government is improper unless expressly authorized by Congress. *Id.* at 320-21, 106 S.Ct. 2957. In determining whether Congress expressly authorized prejudgment interest in the EAJA, we are mindful that the EAJA "amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991).

> Congress did not waive sovereign immunity from prejudgment interest when it enacted the EAJA. The statute's cost-of-living provision is silent on the subject of interest, simply providing for an upward adjustment if "the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Silence cannot be interpreted as an express waiver of sovereign immunity for interest. In so holding, we join the other circuit courts that have considered the relationship between the EAJA's cost-of-living provision and the principle of sovereign immunity from prejudgment interest described in *Shaw. Kerin*, 218 F.3d at 194; *Masonry Masters*, 105 F.3d at 711; *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Perales v. Casillas*, 950 F.2d 1066, 1076-77 (5th Cir. 1992); *Chiu v. United States*, 948 F.2d 711, 720 (Fed. Cir. 1991).

239 F.3d at 1148-49.

4

went into effect to the date on which Plaintiff filed his EAJA application, then multiplying by the $125.00 statutory fee. *See, e.g., Hazelwood v. Barnhart*, Case No. 1:03-cv-450 (S.D. Ohio July 28, 2004)(Beckwith, J.); *Abrams v. Commissioner*, Case No. 2:02-cv-547 (S.D. Ohio May 11, 2004)(Holschuh, J.); *White v. Commissioner*, Case No. 3:02-cv-310 (S.D. Ohio April 22, 2003)(Rose, J.). None of these decisions, however, discussed the issue of the government's sovereign immunity from prejudgment interest. Sovereign immunity is jurisdictional in nature and the terms of the United States' consent to be sued defines the Court's jurisdiction to entertain such suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The federal government's sovereign immunity may only be waived by Congressional enactment and an officer of the government cannot, by action or inaction, waive sovereign immunity. *United States v. United States Fidelity & Guaranty*, 309 U.S. 506, 513-14 (1940) Accordingly, this Court has adopted the analysis set forth in the decisions of the Second, Fifth, Seventh, Ninth, D.C., and Federal Circuit Courts and awards cost of living adjustments based on the historic rates that are calculated for the years in which services were rendered.

In determining the COLA rate to use, the Court notes that the CPI is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus*, 17 F.3d at 1040; *Knudsen v. Barnhart*, 2004 W.L. 3240489, *10 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event that an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen*, 2004 W.L. 3240489, *10; *Gates*, 325 F. Supp.2d at 1347.

Applying these principles to the instant case, the Court computes the COLA increases as follows. The Court applies the Consumer Price Index (CPI) for Services for the Midwest Urban area.[2] *See Riley v. Barnhart*, Case No. 1:02-cv-625 (S.D. Ohio Feb. 10, 2005)(Weber, J.)(Doc. 39, adopting Report and Recommendation of Dec. 3, 2004). In March 1996, when the $125.00 statutory rate became effective, the CPI was 166.5 for Midwestern Urban consumers. In 2007, the CPI was 234.476. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $176.03 (2007 CPI of 234.476 divided by March 1996 CPI of 166.5 times $125.00). In 2008, the CPI was 241.771. Adjusted for the increased cost of living, the statutory rate of $125.00 is increased to $181.51. (2008 CPI of 241.771 divided by March 1996 CPI of 166.5 times $125.00).

As discussed above, the proper CPI for legal services rendered should be based on the 'Midwest Urban, Services" CPI for the year in which those services were performed. Plaintiff does not indicate which yearly CPI he relies upon in requesting a $168.28 hourly fee. Had Plaintiff sought a fee award applying the annualized CPI for Services for the Midwest Urban, which this Court finds to yield the proper cost of living increase, Plaintiff's counsel would have been entitled to hourly fees

---

[2] U.S. Department of Labor Bureau of Labor Statistics, Consumer Price Index–All Urban Consumers, Midwest Urban, Services, 1982-84=100 Series ID CUUR0200SAS (www.bls.gov).

of $176.03 for work performed in 2007 and $181.51 for work performed in 2008. Accordingly, the Court finds the $168.28 rate sought by Plaintiff to be reasonable in this matter.[3]

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $155.00 hourly rate shall be applied. Counsel states he worked 18 hours on all District Court proceedings, including the preparation of his fee petition, which is compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990). The Commissioner does not challenge the number of hours submitted by counsel. The Court finds such hours reasonable and relevant to the prosecution of this matter. Using the adjusted fees as set forth above, Plaintiff is entitled to compensation for 18 hours at a rate of $168.28. Application of this rate to the compensable hours yields an attorney fee of $3029.04.[4] Accordingly, the Court finds the requested fee by counsel to be reasonable and should be awarded under EAJA.

The Court therefore **RECOMMENDS** that the EAJA fee petition filed by Plaintiff's counsel be **GRANTED** and that counsel be **AWARDED $3029.04**.

Date 5/12/09

Timothy S. Hogan
United States Magistrate Judge

---

[3] Because the hourly rate proposed by plaintiff is lower than the result obtained by the Court using the 2007 and 2008 CPI, the United States will not be prejudiced in adopting the rate proposed by plaintiff.

[4] As discussed supra, had Plaintiff sought fees according to the CPI for Services for the Midwest Urban area which this Court has found to be the appropriate list of multipliers, he would have been entitled to a fee of $3419.00.

6

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\SOC_SEC\R&R\English2.eajafees.wpd